UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIE EDDIE CONLEY HURT,

                              Plaintiff,
                                                            5:15-CV-01207
v.                                                              (DNH/TWD)

COUNTRY JOE AND THE FISH, et al.

                              Defendants.
_____

APPEARANCES:

WILLIE EDDIE CONLEY HURT
Plaintiff *pro se*
513 Utica Street
Fulton, New York 13069

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

The Clerk has sent the Court for review Plaintiff Willie Eddie Conley Hurt's *pro se* copyright infringement action, together with his application to proceed *in forma pauperis* ("IFP Application"). (Dkt. Nos. 1-2.) For the reasons discussed below, the Court grants Plaintiff's IFP Application solely for purposes of initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and recommends dismissal of the complaint with leave to amend upon initial review.

**I.    PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). Plaintiff's IFP Application is incomplete. Plaintiff indicated on the IFP Application that he is unemployed but failed to respond to the

question asking him to state the date of his last employment, salary or wages and pay period, and the name and address of his last employer. (Dkt. No. 2 at 1.) However, because Plaintiff has indicated that he only has $10.00 in the bank, owns nothing of value, and that he has received disability or workers compensation payments in the last twelve months in the apparent amount of $947.00 a month, the Court grants his IFP Application solely for purposes of initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Dkt. No. 2.)

## II.  LEGAL STANDARDS FOR INITIAL REVIEW

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260

(2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better

3

pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III. THE COMPLAINT

Plaintiff's complaint consists of a one page statement identifying his claim as one for copyright infringement; a document cover sheet for a copyright registration filed by Gertrude Conley Hurt, Irene Smith, Mary C. Wright, d/b/a The "Mississippi" John Hurt Estate, dated June 30, 1999; a May 17, 1999, Order from the Chancery Court of Grenada County, Mississippi, determining the rightful heirs of John S. Hurt deceased, including Plaintiff; and a list of songs authored by John S. Hurt and owned by the John S. Hurt estate transferred by operation of law to the heirs of the John S. Hurt estate by the Chancery Court Order. (Dkt. No. 1.)

The complaint does not include a caption, *id*. at 1, and according to an October 8, 2015, Docket Entry, when Plaintiff brought the complaint to the Clerk's Office for filing, he stated that he did not wish to enter a caption on his complaint as he felt the identity of the Defendants was clearly conveyed by the summonses he had provided.[1] (Dkt. Nos. 2-1 to 2-16.) The Defendants listed on the proposed summonses are Country Joe and the Fish, General Motors, Mary Francis Wright Hurt, Rounders Records, Concord Record Group, Brooklyn Music Publishing Group, Linda S. Mensch, National League Music, Sonys Record Co., Vanguard Records Co., Windsweep Pacific Music Entertainment, Amazon Record Co., Suns Record Company, Broadcast Music INC, Defendant J. Lane Greenlee, and Welk Music Group.

The complaint alleges that Plaintiff and his family are the heirs of everything of Mississippi John Hurt, including the copyright on his songs, and that the rights have never been

---

[1] Plaintiff also did not wish to submit a completed civil action cover sheet. (Dkt. Entry, October 8, 2015).

4

sold by the family. (Dkt. No. 1 at 1.) The complaint alleges that "they," presumably the Defendants, wrongfully claim ownership of the copyrights belonging to Plaintiff and his family and are infringing on those copyrights.[2] *Id.* Plaintiff claims to be suing everyone who has infringed on the copyrights for the benefit of his family.[3]

## IV.  ANALYSIS

In order to establish a copyright infringement cause of action a plaintiff must establish both (1) ownership of a valid copyright and (2) infringement of the copyright on the part of the defendant. *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 108-09 (2d Cir. 2001) (citing *Hamil America, Inc.* v. GFI, 193 F.3d 92, 98 (2d Cir. 1999)). Even were the Court to assume for purposes of initial review that the copyright registered by Plaintiff and others is valid, Plaintiff's complaint is devoid of even a single factual allegation rendering plausible his conclusory assertion of copyright infringement with regard to any of the Defendants. *See Iqbal*, 556 U.S. at 678. Therefore, the Court finds that Plaintiff's complaint fails to state a claim against any of the Defendants and recommends that it be dismissed.

---

[2]  The Court takes judicial notice that the records in the United States Copyright Office registry show that a copyright registration (Document Number V3437D09) of the seventy-six songs listed in the attachment to the Chancery Court of Grenada Order, submitted by heirs of the John S. Hurt estate, including Plaintiff and Defendant Rounder Record Groups, was recorded in the Copyright Office on June 30, 1999. *See Island Software and Computer Service, Inc. v. Microsoft*, 413 F.3d 257, 261 (2d Cir. 2005) (district court was entitled to take judicial notice of federal copyright registrations as published in the Copyright Office's registry).

[3]  Willie Eddie Conley Hurt is the sole named plaintiff. A litigant in federal court has the right to act as his own counsel. *See* 28 U.S.C. § 1654 (1982) ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel. . . .") However, a non-attorney appearing pro se may not represent anyone other than himself. *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010). Therefore, unless he is an attorney, Plaintiff may not represent members of his family on the infringement claim.

The Court recommends that Plaintiff be granted leave to amend inasmuch as it cannot be said that a better pleading could not cure the deficiencies in his complaint. Should the District Court authorize Plaintiff to file an amended complaint, the Court further recommends that Plaintiff be informed that any such amended complaint shall supersede and replace in its entirety his original complaint, and that he be directed to: (1) submit a fully completed IFP Application; (2) submit a completed civil cover sheet as required by Local Rule ("L.R.") 3.1 of the Northern District of New York; (3) include a caption on the amended complaint that clearly identifies by name each individual or entity Plaintiff is suing in the present lawsuit, the civil action number and initials of the assigned judges, and identify the amended complaint as such as required by L.R. 10.1(c)(1); and (4) set forth his amended complaint in sequentially numbered paragraphs containing only one act of misconduct per paragraph.

**ACCORDINGLY,** it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED SOLELY FOR THE PURPOSE** of initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) **BE DISMISSED IN ITS ENTIRETY WITH LEAVE TO AMEND**; and it is further

**RECOMMENDED** that in the event the District Court authorizes Plaintiff to file an amended complaint, that Plaintiff be informed that any such amended complaint shall supersede and replace in its entirety his original complaint, and that he be directed to: (1) submit a fully completed IFP Application; (2) submit a completed civil cover sheet as required by Local Rule (L.R.) 3.1 of the Northern District of New York; (3) include a caption on the amended complaint

that clearly identifies by name each individual or entity that Plaintiff is suing in the present lawsuit, the civil action number and initials of the assigned judges, and identify it as an amended complaint as required by L.R. 10.1(c)(1); and (4) set forth his amended complaint in sequentially numbered paragraphs containing only one act of misconduct per paragraph; and it is hereby

**ORDERED** that the Clerk send Plaintiff a copy of this Order and Report-Recommendation, along with a blank civil cover sheet, and a blank IFP application for use in the event the District Court grants Plaintiff leave to amend his complaint.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: October 13, 2015
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge